UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
In re:                                                          :    Bankruptcy No. 21-22293-shl

    Melonee DeGroat,                          :    (Chapter 13)

                  Debtor.    :
---------------------------------------------------------------X
Melonee DeGroat,                                                :    Adversary Proceeding No.

                  Plaintiff,  :    21-_____-shl

    -against-                                  :

County of Rockland; United States of America,                   :

                  Defendants. :
---------------------------------------------------------------X

## ADVERSARY COMPLAINT

### Introduction

1. This is an action seeking to enforce the automatic stay against Defendant, County of Rockland, which, by employing the instrumentality of the United States Department of Treasury, has wrongfully withheld fifteen percent of Debtor's social security benefits income for September 2021 and threatens to withhold the same percentage from future social security benefits payments—absent the enforcement of the automatic stay pursuant to 11 U.S.C. §§ 362(a), 362(k). Debtor therefore seeks a declaratory judgment, pursuant to Rule 7001(9) of the Federal Rules of Bankruptcy Procedure that Defendant County of Rockland has violated the automatic stay. Debtor also seeks the immediate turnover of funds wrongfully withheld from her benefits payments pursuant to 11 U.S.C. § 542(a) and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure. Finally, Debtor seeks actual damages from the County of

- 1 -

Rockland's violation of the automatic stay, including costs and her reasonable attorneys' fees, pursuant to 11 U.S.C. § 362(k).

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtor in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

4. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Debtor consents to the entry of a final order by the Bankruptcy Judge.

5. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## PARTIES

6. Melonee DeGroat ("**Debtor**") is the Debtor in this bankruptcy case under Chapter 13 of the Bankruptcy Code.

7. The County of Rockland ("**County**") is a municipal corporation in the State of New York, which has, as one of its agencies, the Rockland County Department of Social Services ("the **RCDSS**"), a county social services district over which the County exercises complete authority and control.

8. The United States of America ("**United States**") is named a defendant because it exercises complete authority and control over its agency, the United States Department of Treasury ("**Treasury**"), which has been exercised by the RCDSS as an instrumentality in its debt collection activities from the Debtor.

## FACTUAL ALLEGATIONS

9. Debtor is a disabled mother of three foster children. She is unable to work and relies upon her public benefits to support herself and her children. She filed an order for relief on May 20, 2021 under Chapter 13 of the Bankruptcy Code. Her bankruptcy plan has not yet been confirmed.

10. In Schedule F to her bankruptcy petition, Debtor listed a debt to the RCDSS for $3,806.76 (hereinafter, "**Debt**") for an overpayment of Supplemental Nutrition Assistance Program ("**SNAP**") benefits. The Debt was incurred by an agency error on the part of the RCDSS, as it admitted in its Notice of Decision on Debtor's Supplemental Nutrition Assistance. The error was incurred because Debtor had applied for SNAP benefits and the RCDSS "incorrectly issued more benefits than [Debtor was] entitled to receive." The Notice of Decision stated that Debtor's adoption subsidy for her foster children was budgeted incorrectly, resulting in the RCDSS seeking to recoup all the SNAP benefits payments it issued for the seven months between August 2017 to February 2018. A copy of the Notice of Decision from the RCDSS dated June 7, 2018 is attached hereto as **Exhibit A**. Following the Notice of Decision, Debtor paid what she could toward the Debt, which reduced the Debt to $3,806.76.

11. The Debt having been listed in Debtor's bankruptcy schedules, the RCDSS was mailed the Notice of Chapter 13 Bankruptcy Case on May 22, 2021 at the address:

Rockland Cty Dept Of Soc Srvs,
50 Sanatorium Rd, Building L,
Pomona, NY 10970-3555

A copy of the Notice of Chapter 13 Bankruptcy Case with certificate of mailing is attached hereto as **Exhibit B**.

12. On July 9, 2021, Debtor received a notice for collection, a copy of which is attached hereto as **Exhibit C**. Debtor's counsel called the Collection Department for the RCDSS at (845) 364-3046, and left a voice-mail with Osvaldo Santana explaining that the Debtor had filed bankruptcy and asking him to call Debtor's counsel to discuss. Mr. Santana returned the telephone call on Tuesday, July 13, 2021. Debtor's counsel explained that the Debt that the RCDSS was trying to collect had been listed in Debtor's bankruptcy petition and that it was a violation of the automatic bankruptcy stay for the RCDSS to try to collect the Debt. Mr. Santana asked for a copy of the bankruptcy papers to be emailed to him. The Debtor's bankruptcy petition and the Notice of Chapter 13 Bankruptcy Case with certificate of mailing was emailed to Mr. Santana showing that the RCDSS had been sent notice of Debtor's bankruptcy filing. A copy of that email is attached hereto as **Exhibit D**.

13. Despite this telephone conversation and email, however, Debtor received a notice on August 5, 2021 that the United States Department of Treasury intended to withhold 15% of her Social Security benefit to pay the SNAP overpayment due to the RCDSS. A copy of this notice is attached hereto as **Exhibit E**.

14.     In the hope of reaching an informal resolution to the matter, Debtor's counsel's supervisor, Alexander Bursztein, the Executive Director of the Legal Aid Society of Rockland County, Inc. ("**Legal Aid Society**"), who regularly communicates with the staff of the RCDSS in his capacity as chairman of the Rockland County Continuum of Care with a mission of preventing homelessness within Rockland County, assisted Debtor's counsel. On the Debtor's behalf, Mr. Bursztein first telephoned and then emailed Jennifer Parietti, an attorney employed by the County of Rockland for the RCDSS. Mr. Bursztein sent Ms. Parietti a copy of the notice that Debtor received (Exhibit E), a copy of the email to Mr. Santana (Exhibit D), and a copy of the bill from the RCDSS dated March 1, 2021 which the Debtor had provided her counsel prior to her filing her bankruptcy petition. Ms. Parietti replied to Mr. Bursztein's email that it had been received and wishing him a nice weekend.

15.     On the following Monday, Debtor's counsel emailed Ms. Parietti to follow up, and, two days later, she emailed that the matter was under review and she would expect someone to reach out to him by the end of the week. A copy of this email correspondence (omitting earlier communications between Ms. Parietti and Mr. Bursztein on unrelated matters) with the attachments sent to Ms. Parietti is attached hereto as **Exhibit F**.

16.     That Friday, two days later, Debtor's counsel received a voice-mail and email from another attorney for the County of Rockland, Antonio Reda. Upon returning the telephone call, Mr. Reda explained that they had just missed the fact of the bankruptcy and he had instructed his Collection Department to cease and desist. He asked anything else was needed. Debtor's counsel asked if there was some kind of letter

that the RCDSS could send to U.S. Department of Treasury to ensure that the Debtor's social security payment would not be garnished. Mr. Reda said he would check with the Collection Department to see if they do anything like that. This conversation was followed up by email confirming the request and asking if the County of Rockland intended to file a proof of claim. A copy of this email correspondence is attached hereto as **Exhibit G**.

17. Neither Debtor nor her counsel received any correspondence from Mr. Reda or the RCDSS to ensure that Debtor's social security benefit payment would not be garnished, but they relied in good faith upon Mr. Reda's representation that the matter was resolved.

18. But the matter was not resolved. On September 7, 2021, the Debtor received a notice from the U.S. Department of Treasury that $215.55 had been withheld from Debtor's regular monthly Social Security benefit of $1,437.00. A copy of this notice is attached hereto as **Exhibit H**. And, indeed, when Debtor checked her bank activity on-line, she discovered that only $1,221.45 (her regular payment of $1,437.00 less $215.55) had been directly deposited to her account. A redacted copy of her bank activity register is attached hereto as **Exhibit I**.

19. Debtor relies on her social security benefit payments in full to make ends meet. This unexpected withholding of $215.55 from her monthly payment, which is a complete violation of 11 U.S.C. § 362(a), has left her in fear that she may face fees and penalties for insufficient funds in paying her obligations; and she may yet end up with a cascade of late fees, bank fees, and/or other penalties that will leave her unable to meet her household expenses, even if the $215.55 were refunded to her soon.

20. Debtor therefore requests that this Court enter an order enjoining the County of Rockland to turn over to Debtor immediately the $215.55 that was wrongfully withheld from her social security benefit payment and to permit Debtor to file a motion to recover any actual damages caused by the County's unauthorized violation of the automatic stay, including reasonable attorneys' fees and costs in bringing this proceeding.

### FIRST CLAIM FOR RELIEF
### (Enforcement of the Automatic Stay)

21. Debtor realleges and incorporates by reference all of the preceding paragraphs as if fully stated herein.

22. Pursuant to 11 U.S.C. § 362(a), "a petition filed under section 301, 302, or 303 of this title… operates as a stay, applicable to all entities, of— . . .

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; and . . .
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

23. The County was given notice of Debtor's bankruptcy case in May 2021, with the mailing by the Court of the Notice of Chapter 13 Bankruptcy case (Ex. B), then again in July 2021, with the conversation with Debtor's counsel and subsequent email to Osvaldo Santana of the Collection Department of the RCDSS (Ex. D), and then once again in August 2021 with emails to Jennifer Parietti (Ex. F), an attorney for the County, and Debtor's counsel's subsequent conversation and email with Antonio Reda (Ex. G), also a County attorney, and with Mr. Reda's assurance that the collection activity would stop.

24. Nonetheless, the County did nothing to stop its collection activity, and, as a result, $215.55 has been wrongfully withheld from Debtor's social security benefits in violation of 11 U.S.C. § 362(a)(3) and (a)(6).

25. The United States is named as a defendant only because Treasury was used as an instrumentality of the County's and the RCDSS's collection activity and any enforcement of the automatic stay sought in this proceeding would necessarily affect the United States.

26. Debtor is therefore entitled to a declaratory judgment that the automatic stay imposed by 11 U.S.C. § 362(a) applies to the Debt and enforcing the automatic stay to prevent any further collection activity of the Debt by the Defendants.

### SECOND CLAIM FOR RELIEF
### (Turnover of Funds Pursuant to 11 U.S.C. § 542)

27. Debtor realleges and incorporates by reference all of the preceding paragraphs as if fully stated herein.

28. Under the Bankruptcy Code, subject to exceptions not relevant here, "an entity . . . in possession, custody, or control, during the case, of property that the trustee may use . . . under section 363 of this title . . . shall deliver to the trustee, and account for such property or the value of such property." 11 U.S.C. § 542(a). In turn, section 363 of the Code provides that "the trustee, after notice and a hearing, may use . . . property of the estate." 11 U.S.C. § 363(b)(1). And a Chapter 13 debtor "shall have, exclusive of the trustee, the rights and powers of a trustee under section[] 363(b)." 11 U.S.C. § 1303. Therefore, a Chapter 13 debtor has the right, after notice and hearing, to require an entity in possession of property of the bankruptcy estate to deliver the property to her and account for the value of the property.

29. In a Chapter 13 case, property of the bankruptcy estate includes "all property of any kind specified [in section 541 of the Bankruptcy Code—which includes all legal and equitable interests of the debtor, subject to exceptions not relevant here] . . . that the debtor acquires after the commencement of the case but before the case is closed, dismissed or converted." 11 U.S.C. § 1306(a); 11 U.S.C. 541(a)(1).

30. The Debtor's social security benefits and her entitlement to full payment of those benefits is encompassed within the expansive definition of property of the bankruptcy estate under 11 U.S.C. § 1306(a). *In re Johnson*, 532 B.R. 53, 55 (Bankr. W.D. Mich. 2015).

31. Debtor is therefore entitled to an order directing the County to deliver the funds wrongfully withheld from her social security benefits in violation of the automatic stay directly to Debtor, pursuant to 11 U.S.C. § 542(a).

**THIRD CLAIM FOR RELIEF**
**(Judgment for Actual Damages Pursuant to 11 U.S.C. § 362(k))**

32. Debtor realleges and incorporates by reference all of the preceding paragraphs as if fully stated herein.

33. Under the Bankruptcy Code, "an individual injured by a willful violation of [the automatic stay] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). Debtor acknowledges that punitive damages are unavailable here because Defendant County of Rockland is a municipal corporation and punitive damages are prohibited by 11 U.S.C. § 106(a)(3).

34. Debtor is an individual, and a bankruptcy petition was filed. *See* ¶¶ 6, 9 *supra*; *see also* Exhibit B.

35. Defendant County, through its agency, the RCDSS, received notice of Debtor's bankruptcy filing and the automatic stay not only once, but three times. ¶¶ 11-16 *supra*.

36. "[A]ny deliberate act taken by a creditor in violation of the automatic stay, which the violator knows to be in existence, justifies an award of actual damages." *Crysen/Montenay Energy Co. v. Esselen Assoc., Inc. (In re Crysen/Montenay Energy Co.)*, 902 F.2d 1098, 1105 (2d. Cir.1990).

37. The withholding of fifteen percent of Debtor's social security benefits during the pendency of Debtor's bankruptcy case was a deliberate act in violation of the automatic stay. Because Defendant County had actual notice of Debtor's bankruptcy and actual knowledge of the existence of the automatic stay—not only through the notice of the bankruptcy case but also through extensive email correspondence with County officials and attorneys, an award of actual damages is justified.

38. Debtor therefore requests an order awarding Debtor actual damages in an amount to be determined at trial or through later proceedings, pursuant to 11 U.S.C. § 362(k).

## PRAYER FOR RELIEF

**WHEREFORE**, Debtor/Plaintiff requests that the Court render judgment on their behalf as follows:

A. Declaring, on Debtor's First Claim for Relief, that the automatic stay imposed by 11 U.S.C. § 362(a) applies to the Debt and enforcing the automatic stay to prevent any further collection activity of the Debt by the Defendants;

B.  Directing, on Debtor's Second Claim for Relief, Defendant County of Rockland to deliver the funds wrongfully withheld from her social security benefits in violation of the automatic stay directly to Debtor, pursuant to 11 U.S.C. § 542(a);

C.  Awarding, on Debtor's Third Claim for Relief, to Debtor actual damages, including costs and attorneys' fees , pursuant to 11 U.S.C. § 362(k), from Defendant, County of Rockland, in an amount to be determined at trial or through later proceedings; and

D.  Awarding Debtor such other relief as the Court deems just and equitable.

Dated: New City, New York
September 9, 2021

Respectfully submitted,

_____/s/ Derek S. Tarson_____
Derek S. Tarson
Legal Aid Society of Rockland County, Inc.
2 Congers Road
New City, New York  10956
Tel: (845) 634-3627
Fax: (845) 634-8505
Email: dtarson@legalaidrockland.org

*Attorneys for Debtor/Plaintiff
Melonee DeGroat.*